UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CATHERINE LYNN PITTMAN and TROY VERNON PITTMAN,<br><br>Plaintiffs,<br><br>v.<br><br>FARMERS FIRE INSURANCE EXCHANGE<br><br>and<br><br>COLBY YODER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CASE NO.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Fire Insurance Exchange (improperly named as "Farmers Fire Insurance Exchange"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968, as amended,[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and files this Notice of Removal, removing the instant lawsuit from the docket of the Seventeenth Judicial Circuit of Missouri, Cass County, State of Missouri to the docket of this Honorable Court. In support of the instant Notice of Removal, Fire Insurance respectfully represents as follows:

---

[1] 42 U.S.C. §4001 *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Mancini v. Redland Ins. Co.*, 248 F. 3d 729, 733 (8th Cir. 2001).

-1-

I.

On or about March 11, 2013, Plaintiffs filed a lawsuit styled *"Catherine Lynn Pittman and Troy Vernon Pittman v. Farmers Fire Insurance Exchange and Colby Yoder,"* bearing civil action no. 13CA-CV00768 in the Circuit Court of Cass County, State of Missouri. A copy of the Petition for Breach of Contract filed in State Court is attached hereto as part of Exhibit A, which is a true and correct copy of all pleadings and documents in accordance with 28 U.S.C. §1446(a).

II.

For the reasons that follow, Fire Insurance Exchange hereby removes this case from state court to this federal court pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Art. IX and 28 U.S.C. §§ 1331, 1337 and 1367.

A. **REVIEW OF THE PLAINTIFFS' PETITION**

1. At paragraph 1, Plaintiffs alleged they are the owners of the property located at 24004 S.W. Hidden Valley Road, Peculiar, Missouri 64078-8877.

2. At paragraph 2, Plaintiffs alleged they purchased an insurance policy from Fire Insurance Exchange bearing policy number 87-0400-2464-2007 insuring them and the property against loss in which they paid $352.00 for the period beginning July 6, 2007 to July 6, 2008.

3. At paragraph 3, Plaintiffs alleged the policy covered loss to the structure of three or more floors and a basement.

4. At paragraph 5, Plaintiffs alleged on June 3, 2008, Mrs. Pittman discovered the basement of the house was full of water.

5. At paragraph 7, Plaintiffs alleged an insurance adjuster inspected the property and advised that there was no contents coverage and offered $23,000.00 as partial damage to the

structure.

6. At paragraph 8, Plaintiffs alleged they provided Fire Insurance Exchange with a preliminary loss estimate to the structure and contents totaling approximately $95,879.00.

7. At paragraph 9, Plaintiffs alleged Fire Insurance Exchange failed and refused to pay the sum of at least $95,879.00.

8. At paragraph 10, Plaintiffs alleged Fire Insurance Exchange breached the contract with Plaintiffs by failing and refusing to pay them for the insured loss.

**B. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

9. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

10. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under §4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the Standard Flood Insurance Policy ("SFIP"), itself, which is found at 44 C.F.R. Pt. 61, App. A.

11. Pursuant to Congressional authorization found at 42 U.S.C. §4071(a)(1), FEMA uses "Write-Your-Own" companies like Fire Insurance Exchange to aid it in its statutory duty to administer the National Flood Insurance Program. *See also*, 42 U.S.C. §4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. §62.23(a)-(d) (establishing the WYO program to

permit private insurers to sell and administer Standard Flood Insurance Policies).

12. Fire Insurance Exchange, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(1), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A. These forms of the flood policy are incorporated into the Code of Federal Regulations at 44 C.F.R. §61.13(a). In *Mancini v. Redland Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2001), the Eighth Circuit held that the SFIP is "more than a contract: it is also a regulation of the Federal Emergency Management Agency, stating the conditions under which federal flood-insurance funds may be disbursed to eligible policy holders."

13. Fire Insurance Exchange cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2007 edition). *See also*, *Mancini*, 248 F.3d at 731 FN1.

14. Fire Insurance Exchange's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government. It is clear that Fire Insurance Exchange, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

15. The Eighth Circuit has held that "payments made pursuant to the policy are 'paid out of the federal treasury.'" *Mancini*, 248 F.3d at 733. Further, the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172

-4-

Case 4:13-cv-00380-DGK   Document 1   Filed 04/17/13   Page 4 of 11

(11th Cir. 2001).

16. Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers, including Fire Insurance Exchange. In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

17. Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies= activities when selling or administering the Standard Flood Insurance Policies; and
>
> Whereas any litigation resulting from, related to, or arising from the Company=s compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

18. The *Arrangement* further states:

> G. Compliance with Agency Standard and Guidelines.
>
> 1. The Company shall comply with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable to the Company.
>
> 2. The Company shall market flood insurance policies in a manner consistent with marketing guidelines established by FIA.

-5-

Case 4:13-cv-00380-DGK   Document 1   Filed 04/17/13   Page 5 of 11

44 C.F.R. Pt. 62, App. A, Art. II(G).

19. The NFIP, the SFIP, and the Write-Your-Own Program carriers participating in the NFIP are all governed by federal law, not state law. *See Nelson v. Becton*, 929 F.2d 1281, 1290-91 (8th Cir. 1991).

C. **FEDERAL JURISDICTION**

(1) **42 U.S.C. §4072 - Original Exclusive Jurisdiction**

20. 42 U.S.C. §4072, conveys "original exclusive" jurisdiction over claims handling matters under the SFIP. *Nicol v. Auto-Owners Ins. Co.*, 2006 WL 562151, *2 (D.Minn. Mar. 8, 2006).

21. Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Fire Insurance Exchange is not suggesting that jurisdiction could be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

(2). **28 U.S.C. §1331 - Federal Question Jurisdiction**

22. Fire Insurance Exchange asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance

regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

23. Plaintiffs filed this lawsuit alleging breach of contract against Fire Insurance Exchange allegedly arising out of its refusal to pay their flood loss claim. *See* Plaintiffs' Petition for Breach of Contract for Failure to Pay Claim on Flood Insurance Policy.

24. In order to determine what, if any, U.S. Treasury benefits Plaintiffs may be entitled to receive, the Court will necessarily have to interpret the SFIP itself, as well as the federal laws, regulations and statutes governing the SFIP. Federal common law governs the interpretation of the SFIP. *Nelson*, 929 F.2d at 1290. Also, courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §§1441(a), (b) and (c).

25. Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. § 1441(a) and (c), Fire Insurance Exchange asserts that there are multiple federal questions presented within Plaintiffs' Petition, thereby making the action removable pursuant to 28 U.S.C. § 1331.

Case 4:13-cv-00380-DGK   Document 1   Filed 04/17/13   Page 7 of 11

### (3). Federal Jurisdiction Under 28 U.S.C. §1337

26. Removal of this case is also proper under 28 U.S.C. § 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. Just like § 1442, § 1337 is not subject to the well-pleaded-complaint rule. Under § 1337, removal is proper where the facts alleged in the plaintiff=s petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

27. Clearly, under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Casualty and Surety Co.*, 386 F.3d 263 (3rd Cir. 2004):

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that specifically relates to the business of insurance. 15 U.S.C. § 1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that [t]he word "relates" is highly general. *Id.* at 38, 116 S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*Id.* at FN 3.

28. Beyond the general proposition that the National Flood Insurance Act regulates

commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." *See, e.g.*, 42 U.S.C. §§ 4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in Plaintiffs' Petition, and thus removal is proper pursuant to 28 U.S.C. § 1337.

## D.  THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

29. To the extent that any of the claims of Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

30. All of the claims put at issue in Plaintiffs' Petition arise from the property damage that was allegedly sustained as a result of the flood event of June 3, 2008 and Plaintiffs' effort to obtain flood insurance benefits as a result of that loss. As such, all of Plaintiffs' legal claims arise from the same nucleus of operative fact, that being the underlying SFIP claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000).

## F.  ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

35. Co-Defendant, Colby Yoder, was served on March 25, 2013. Fire Insurance Exchange was served on March 20, 2013. This removal was filed on April 17, 2013. Co-Defendant Yoder consents and joins in the removal. *See* Exhibit B. This Notice of Removal

is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely. The thirty day period to remove does not commence running until the defendant is <u>actually</u> served, hence this removal is timely. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders in the state court record to date. A Notice of Removal is being contemporaneously filed with this Removal into the record of the Circuit Court of Cass County, State of Missouri, from which this matter is being removed.

36. Venue is proper in this district pursuant to 28 U.S.C. §1391(b); 42 U.S.C. §4072; and Article VII(R) of the SFIP itself which states that "you must file suit in the United States District Court of the district in which the insured property was located at the time of loss." *See* 44 C.F.R. Pt.61, App. A(1), Art. VII(R). The insured property at issue is located in Peculiar, Missouri thereby making the Western District of Missouri, the correct venue in this matter.

## CONCLUSION

WHEREFORE, Defendant, Fire Insurance Exchange, prays that this Notice of Removal will be deemed good and sufficient, and that, after all due proceedings are had, this matter will be dismissed with prejudice and at the Plaintiffs' cost.

Respectfully submitted,

FOLAND, WICKENS, EISFELDER,
ROPER & HOFER, P.C.

/s/ W. James Foland
W. JAMES FOLAND    Mo. Bar #25022
JOHN M. BRIGG    Mo. Bar #49441
911 Main Street, Suite 105
Kansas City, Missouri 64105
Telephone: 816-472-7474
Telefax: 816-472-6262
Email: jfoland@fwpclaw.com
Email: jbrigg@fwpclaw.com
***ATTORNEYS FOR DEFENDANT FARMERS FIRE INSURANCE EXCHANGE***

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 17th day of April, 2013, to:

Kenneth C. Hensley
Wyatt Z. Roberts
HENSLEY LAW OFFICE
401 West 58 Highway
PO Box 620
Raymore, MO 64083
816-322-4466
*Attorneys for Plaintiffs*

Jeffrey J. Brinker
Brinker & Doyen, LLP
34 N. Meramee Ave., 5th Floor
Clayton, MO 63105
314-863-8197
*Attorneys for Defendant Colby Yoder*

/s/ W. James Foland
*Attorney for Defendant Farmers Fire Insurance Exchange*

-11-